**IN THE COURT OF APPEALS OF IOWA**

No. 21-1957
Filed March 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKEY DEAN HUNSUCKER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.



        A defendant challenges his guilty plea to third-degree burglary.  **APPEAL**

**DISMISSED.**



        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

Rickey Hunsucker entered a written guilty plea to burglary in the third-degree, second offense. He now seeks to challenge that plea on appeal despite not moving for arrest of judgment—a step required by Iowa Rule of Criminal Procedure 2.24(3)(a). The State lobbies for dismissal, contending that Hunsucker cannot show good cause under Iowa Code section 814.6(1)(a)(3) (2021) for appealing his guilty plea. Finding no good cause, we dismiss this appeal.

Hunsucker admitted entering an unoccupied vehicle "without the right, license, or privilege to do so" in violation of Iowa Code sections 713.1 and 713.6A(2), a class "D" felony. Because he pleaded guilty in October 2021, supervisory orders from our supreme court allowed the district court to accept his plea in writing.[1]

Hunsucker claims that because his plea was in writing, it violated the rules of criminal procedure and his right to due process. He acknowledges that our supreme court recently upheld the use of written pleas for felonies in response to the global pandemic. *See State v. Basquin*, 970 N.W.2d 643, 659 (Iowa 2022) (giving "considerable weight to the governmental interest in safeguarding the public from the spread of contagious diseases"). But Hunsucker claims his case differs from *Basquin*. How? Hunsucker notes that unlike Basquin, he did not have

---

[1] *See* Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* (Nov. 24, 2020); Iowa Sup. Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services and Processes Continued to January 1, 2022* (June 21, 2021).

a plea agreement with the State. He also points to errors in his written plea form.[2]

Despite those minor differences, *Basquin* controls.[3] Hunsucker was not excused from moving in arrest of judgment just because the advisory to do so was in writing rather than in-court. Because Hunsucker did not move in arrest of judgment, he cannot show good cause to appeal his guilty plea. *See State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021).

**APPEAL DISMISSED.**

---

[2] At sentencing, the prosecutor asked the court to engage in a colloquy with Hunsucker because the written plea had the wrong name for the victim and the wrong date for the burglary. Defense counsel agreed the form contained "a scrivener's error" and speculated that when he "saved the new plea, it retained some old information." Hunsucker acknowledged the correct date and victim in open court and confirmed the factual basis for the plea. He then assured the sentencing court that it was still his desire to plead guilty.

[3] The supreme court found Basquin had good cause to appeal his guilty plea because he was raising "constitutional issues of first impression." *Basquin*, 970 N.W.2d at 654. Because *Basquin* settled those issues, Hunsucker's appeal does not fall into that same category.